IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 23-cv-7307 |
| | ) |
| VARNI INC, dba COUNTRY INN & SUITES BY RADISSON | ) Judge Durkin |
| | ) |
| | ) |
| Defendant. | ) |

## FINAL DEFAULT JUDGMENT ORDER

This cause coming before the Court on the Plaintiff's continued Motion for the Entry of a Default Judgment against the Defendant VARNI INC, dba COUNTRY INN & SUITES BY RADISSON, due notice having been given and the Defendant failing to appear or otherwise contact the Court and the Plaintiff presenting evidence in support of the allegations of the Complaint and the Court being advised on the Premises,

**The Court hereby finds:**

1. The Plaintiff's complaint asserts violations under Title III of the Americans With Disabilities Act, 42 U.S.C. §12182 *et seq.* ("ADA") against the Defendant with respect to its hotel property located at 5420 Grand Avenue, Gurnee, IL 60031 and commonly known as the Country Inn & Suites by Radisson. (the "Premises").

2. The allegations of the Complaint are uncontested and therefore admitted by the Defendant.

3. Plaintiffs evidence demonstrates that he is a person with a disability within the meaning of the ADA. [Cohan Declaration para. 2-3]

4. The Plaintiff personally visited the Defendant's Premises on September 28, 2022 and has personal knowledge of the conditions and barriers that give rise to his ADA claims. [Id. at para. 4].

5. When the Plaintiff visited the premises, he encountered physical barriers that deprived him of full and equal access and enjoyment of the Defendant's facilities, services, goods and amenities. [Complaint para. 21,22; Cohan Declaration, para. 5].

6. The specific barriers and the corresponding sections of the ADA which they violate are set forth in Paragraphs 24 through 27 of the Complaint filed in this action and corroborated by the Expert's Report and Plaintiffs Declaration. Those barriers located on the Premises are found to be as follows:

   a. **Passenger Drop-Off Area:**
      i. Failing to provide a passenger loading zone with an access aisle marked with striping in violation of 2010 ADAAG §§209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3 and/or §§4.6, 4.6.1, 4.6.3 and 4.6.6 of the 1991 ADA Standards. Exhibit A, page 2.

   b. **Handicap Parking Area:**
      i. Providing sign(s) for disabled parking that are too low in height in violation of 2010 ADAAG §§502 and 502.6 and/or §§4.30, 4.30.1, 4.30.6, 4.30.7 and 4.6.4 of the 1991 ADA Standards. Exhibit A, page 3.

   c. **Approach to Entry:**
      i. Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303 and 403.3 and/or §§4.5 and 4.5.1 of the 1991 ADA Standards. Exhibit A, page 4.

   d. **Men's Restroom:**
      i. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom

facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 703, 703.1, 703.2, 703.5 and 703.7.2.1 and/or §§4.30 and 4.30.1 of the 1991 ADA Standards. Exhibit A, page 5.

ii. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4 and/or §4.13.11 of the 1991 ADA Standards. Exhibit A, page 6.

iii. Failing to provide the flush controls on the open side of the water closet in violation of 2010 ADAAG §§604, 604.6, 604.8.2 and 604.9.5 and/or §§4.18.4 and §4.16.5 of the 1991 ADA Standards. Exhibit A, page 7.

iv. Failing to provide grab bar(s) in violation of 2010 ADAAG §§604, 604.5, 609 and 609.4 and/or §§4.26 and 4.26.1 of the 1991 ADA Standards. Exhibit A, page 8.

v. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability (toilet paper rolls) in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4 and/or §§4.27, 4.27.3 and 4.27.4 of the 1991 ADA Standards. Exhibit A, page 9.

vi. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability (soap dispenser) in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4 and/or §§4.27, 4.27.3 and 4.27.4 of the 1991 ADA Standards. Exhibit A, page 10.

vii. Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.3 and 306.3.1 and/or §4.24.3 of the 1991 ADA Standards. Exhibit A, page 11.

      viii. Failing to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.2 and 306.2.1 and/or §§4.24 and 4.24.5 of the 1991 ADA Standards. Exhibit A, page 12.

      ix. Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7 and 4.23.7 of the 1991 ADA Standards. Exhibit A, page 14.

      x. Failing to provide the correct opening width for a forward approach into a urinal, stall door or lavatory in violation of 2010 ADAAG §§305, 305.7.1, 404, 605.3 and 606.2 and/or §§4.18.3 and 4.2.5 of the 1991 ADA Standards. Exhibit A, page 13.

      xi. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 and/or §§4.13, 4.13.3 and 4.13.6 of the 1991 ADA Standards. Exhibit A, page 15.

      xii. Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§204, 307, 307.1, 307.2. Exhibit A, page 16.

7. As of July 20, 2023, the Plaintiff has incurred attorneys' fees of $3,395.00 which the Court finds reasonable.

8. The Plaintiff has incurred expert fees in the amount of $2,500.00 and court costs, including service fees and Federal Express of $534.50, all of which the Court finds reasonable and necessary.

**II.** **The Court makes the following Conclusions of Law:**

**1.** The Defendant discriminated against Plaintiff, and other similarly situated disabled persons, by maintaining barriers on its Premises that deprived him of the full and equal access to the premises in violation of the ADA.

2. The Plaintiff is entitled to a declaration that the barriers found to exist in Paragraph 5 of this Order violate the ADA. Plaintiff is also entitled to injunctive relief to remedy these violations of the ADA pursuant to 42 U.S.C. §12188(a)(2).

3. The Plaintiff is entitled to recover his reasonable attorneys' fees and costs pursuant to 42 U.S.C. §12205.

**IT IS HEREBY ORDERED THAT:**

A  A Default Judgment is entered in favor of the Plaintiff Howard Cohan and against the Defendant VARNI INC, dba COUNTRY INN & SUITES BY RADISSON.

B. The Defendant is hereby ordered to alter its Premises within six (6) month from the date of this order to make such facilities readily accessible to and usable by individuals with disabilities to the extent required to remedy the specific ADA violations found herein.

C. The Plaintiff is awarded the sum of $3,395.00 as attorneys' fees incurred in this action, together with its costs, including expert fees of $3,034.50 for a total judgment award of $6,429.50.

Dated: July 27, 2023

_Thomas M Durkin_
Thomas M. Durkin
United States District Court Judge